WALKER v. DOUGLASS et al.     (No. 2079.)

(Court of Civil Appeals of Texas. Texarkana. March 19, 1919. Rehearing Denied March 27, 1919.)

**TRIAL ⊜➖139(1)—DIRECTION OF VERDICT.**

Although the evidence was not entirely plain and satisfactory, yet where, if properly considering the same, and giving proper legal effect thereto, it cannot be said as a matter of law that defendant legally failed to prove the allegations of her cross-action, the court erred in directing a verdict against her.

Error from District Court, Kaufman County; F. L. Hawkins, Judge.

Suit by Mrs. C. C. Douglass against Mrs. L. B. Walker and others, in which defendant named set up title to the premises involved by a cross-action. Judgment against defendant named on her cross-action, and she brings error. Reversed and remanded.

Wynne & Wynne, of Kaufman, for plaintiff in error.
W. H. Graham and Brooks & Worsham, all of Dallas, for defendants in error.

LEVY, J. Mrs. Melissa Shands was the mother of the parties to the suit, and had a residence upon a certain lot in Kaufman. The parties seem to admit that the property was the separate property of the mother. At the death of the mother the defendant in error Mrs. Douglass brought the suit to have the lot sold, it being incapable of partition, and the proceeds of sale distributed equally between herself and the plaintiff in error and the other defendant heirs. The plaintiff in error in her answer admitted the heirship of the parties and that the lot was incapable of partition, but claimed that the sisters and brothers had no interest herein, and by a cross-action set up title to the

premises, alleging that her mother made a parol agreement with the plaintiff in error to give or sell the premises to her if the plaintiff in error would live with, care for, and maintain the mother during her lifetime, and that the plaintiff in error made valuable improvements on the house and fully and faithfully performed all the terms of said agreement for about 25 years.

The case was tried before a jury, and after the evidence was all in the court peremptorily instructed a verdict against the plaintiff in error on her cross-action. Error is predicated upon the ruling of the court in giving the peremptory instruction, and it is believed that the assignment of error should be sustained. While the evidence in the record is not entirely plain and satisfactory, yet, properly considering the same and giving proper legal effect thereto, we believe it cannot be said, as a matter of law, that the plaintiff in error so far failed to legally prove the allegations of her cross-action as to authorize the court to withdraw the case from the decision of the jury and to render judgment against her on the cross-action. In view of the fact that the case is to be remanded, we refrain from discussing the evidence.

The other assignments of error are overruled.

The judgment is reversed, and the cause remanded for another trial.